1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   EDWARD JONES,                              No.  2:14-cv-2475 JAM KJN P

12                  Petitioner,

13        v.                                    ORDER AND FINDINGS AND
                                                RECOMMENDATIONS
14   ROBERT M. FOX, Warden,

15                  Respondent.

16

17        Petitioner, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus

18   pursuant to 28 U.S.C. § 2254.  Petitioner has now filed a request to proceed in forma pauperis.

19        Examination of the affidavit reveals petitioner is unable to afford the costs of this action.

20   Accordingly, leave to proceed in forma pauperis is granted.  28 U.S.C. § 1915(a).

21        Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas

22   Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus.

23   The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any

24   attached exhibits that the petitioner is not entitled to relief in the district court. . . ."  Id.;

25   O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d

26   490 (9th Cir. 1990).  Allegations in a petition that are vague, conclusory, or palpably incredible

27   are subject to summary dismissal.  Hendricks, 908 F.2d at 491.

28   ////

                                               1

1    Further, the Court may dismiss a petition for writ of habeas corpus either on its own

2    motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer

3    to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see

4    Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).  However, a petition for habeas corpus

5    should not be dismissed without leave to amend unless it appears that no tenable claim for relief

6    can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

7    Here, petitioner is serving a sentence of 17 years to life in state prison based on his nolo

8    contendere plea to second degree murder in November of 1989.  Petitioner claims that respondent

9    refuses to "obey and implement" the three judge court orders issued in the class actions of

10   Coleman v. Brown, 2:90-cv-0520 KJM DAD, and Plata v. Brown, C01-1351 THE.  Further,

11   petitioner alleges that the decision of California's Board of Parole Hearings ("BPH"), made on

12   April 30, 2014, denying petitioner's request for advancement of his parole hearing, was arbitrary

13   and capricious.

14   First, alleged violations of orders issued in class actions must be raised within the class

15   action.  If petitioner believes that prison officials are failing to abide by procedures established as

16   a result of such class actions, or violating court orders issued therein, he should raise such

17   concerns through counsel for the plaintiff class in such class actions.

18   Second, even if the class actions accomplished changes in procedures for the BPH,

19   individual determinations concerning parole still remain within the purview of the BPH.  In other

20   words, the BPH retains jurisdiction over parole decisions.  Thus, the BPH determines whether

21   petitioner is eligible for parole based on review of the suitability factors as applied to petitioner,

22   regardless of orders issued in the class actions referenced by petitioner.

23   Third, as to petitioner's claim regarding the BPH's denial of his request to advance his

24   next parole hearing, petitioner has not cited any federal authority demonstrating that he did not

25   receive the process he was due, if any, when the BPH denied his request.  But in any event,

26   district courts in our circuit have consistently rejected claims advanced by state prisoners that the

27   BPH violates either federal law or any provision of the U.S. Constitution when it denies a petition

28   to advance parole hearings.  See Johnson v. Duffy, 2014 WL 3956689 (E.D. Cal. Aug. 13, 2014)

(petitioner's challenge to the BPH's decision to deny his request to advance his next parole hearing date fails to state a cognizable claim for federal habeas corpus relief); Saffold v. Hill, 2013 WL 6283893 at *1 (E.D. Cal. Dec.4, 2013) (same); Sardella-Lagomarsino v. Swarthout, 2013 WL 1628242 at *3 (E.D. Cal. Apr.15, 2013) ("if due process does not require an evidentiary review of a decision denying parole . . . then there can be no due process right to an evidentiary review of a decision denying a request to advance a suitability hearing."); Johnson v. Hartley, 2013 WL 440990 at *2 (E.D. Cal. Feb. 5, 2013) ("Although there are certain minimal procedural due process protections implicated by a board's decision to deny parole as set forth in the Supreme Court's decision in Swarthout v. Cooke, such decision does not apply to a board's decision not to advance a parole hearing.") (internal citations omitted); Aranda v. Grounds, 2012 WL 5289401 at *2 (N.D. Cal. Oct.25, 2012) ("petitioner's claims that the Board violated his federal right to due process in denying his application to advance his parole hearing are without merit."); Charity v. Ochoa, 2012 WL 4471592 at *1 (E.D. Cal. June 15, 2012) ("petitioner's challenge to the Board's decision not to hold his next parole hearing sooner involves only the Board's compliance or non-compliance with state statutes and regulations governing the scheduling of parole suitability hearings, so it does not present a federal question.").  Such decisions are persuasive on the issue and this case is no different than those which resulted in the decisions cited above.  Thus, petitioner fails to state a cognizable claim for federal habeas relief.

Finally, petitioner claims he is "illegally housed in an open dorm setting."  (ECF No. 1 at 4.)  However, such a claim concerns petitioner's conditions of confinement, not the fact or duration of his conviction.  Claims concerning conditions of confinement are not cognizable in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Thus, such claim must be raised in a civil rights complaint under 42 U.S.C. § 1983.

Therefore, IT IS HEREBY ORDERED that petitioner is granted leave to proceed in forma pauperis; and

IT IS RECOMMENDED that the petition be dismissed for failure to state a cognizable claim for federal habeas corpus relief.

////

1         These findings and recommendations are submitted to the United States District Judge

2    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

3    after being served with these findings and recommendations, petitioner may file written

4    objections with the court and serve a copy on all parties.  Such a document should be captioned

5    "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections,

6    he shall also address whether a certificate of appealability should issue and, if so, why and as to

7    which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the

8    applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §

9    2253(c)(3).  Petitioner is advised that failure to file objections within the specified time may

10   waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.

11   1991).

12   Dated:  April 30, 2015

13

14                                                KENDALL J. NEWMAN
                                                 UNITED STATES MAGISTRATE JUDGE
15   /jone2472.156

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                4